IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV126-1-MU

FLOYD "JUNIOR" POWELL,            )
                                 )
         Plaintiff,              )
                                 )
    v.                           )          **O R D E R**
                                 )
TONY KELLER, et.al,              )
                                 )
         Defendants.            )
_____ )

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Civil Rights

Complaint, filed November 2, 2009.

Plaintiff has filed another rambling thirty-three-page civil rights Complaint against the same

twenty-three defendants alleging numerous ways in which his federal conviction and sentence[1]

violate the Constitution. Plaintiff seeks, among other things, release from prison, the return of his

forfeited property, and punitive damages.

---

[1] Plaintiff was one of thirteen individuals indicted in an eight-count Bill of Indictment. Plaintiff was charged in Count One with conspiracy with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841 and 846; in Count Seven with a substantive charge of possession with intent to distribute cocaine base; and in Count Eight with a forfeiture allegation pursuant to 21 U.S.C. § 853. After a trial by jury, Plaintiff was convicted on Counts One and Seven. The District Court entered an Order of Forfeiture on December 7, 1999. On February 15, 2001, this Court sentenced Plaintiff to 240 months imprisonment on each count, to run concurrently. The United States Court of Appeals for the Fourth Circuit affirmed Plaintiff's sentence and conviction in an unpublished opinion filed March 28, 2002. On November 4, 2002, Plaintiff filed a Motion to Vacate alleging that he received ineffective assistance of counsel when his counsel failed to conduct an adequate investigation and when he failed to object to the all-white composition of the jury. On December 1, 2004, this Court dismissed Plaintiff's Motion to Vacate. (5:02CV138.) On April 14, 2006, the Fourth Circuit dismissed Plaintiff's appeal of the denial of his Motion to Vacate.

In November 2007, Plaintiff filed a very similar Complaint against the exact same defendants. (5:07CV121.) This Court dismissed his Complaint on the merits. On April 22, 2008, the Fourth Circuit dismissed Plaintiff's appeal. On January 13, 2009, Plaintiff filed a very similar Complaint that was dismissed on the grounds of res judicata and Heck. (5:09cv4). On June 18, 2009, the Fourth Circuit dismissed Plaintiff's appeal. The principle of res judicata operates to bar further claims by parties or their privies based on the same cause of action that has been previously adjudicated on the merits. See Young-Henderson v. Spartanburg Area Mental Health Ctr., 945 F.2d 770, 773 (4th Cir. 1991). Consequently, Plaintiff's Complaint is dismissed on this basis.

Moreover, as this Court has previously stated, Plaintiff's Complaint must also be dismissed because he is challenging the legality of his underlying criminal convictions. To recover damages[2] for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a prisoner must prove that the conviction or sentence was (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal authorized to make such a determination, or (4) called into question by a federal court's issuance of a § 2254 writ. Heck v. Humphrey, 114 S. Ct. 2364 (1994). If the prisoner cannot make this showing, his claim is not cognizable. Thus, if the prisoner's claim would "necessarily imply" the invalidity of the prisoner's conviction or sentence, a district court should dismiss the §1983 action. Id. In the instant case, Plaintiff has not offered proof that he can satisfy any one of the requirements listed above.

In closing, the Court notes that Plaintiff's Complaint appears in essence to be another

---

[2] Release from a term of imprisonment is not a remedy available through a civil rights Complaint.

collateral attack on his sentence and conviction. This Court declines to construe Plaintiff's filing

as such an action. Plaintiff is well aware that because he has already filed a Motion to Vacate he

is barred under the Antiterrorism and Effective Death Penalty Act (AEDPA) from filing another

unless it is certified . . . by a panel of the appropriate court of appeals. 28 U.S.C. § 2255. On

February 17, 2005, this Court dismissed Plaintiff's second Motion to Vacate on the basis that it was

successive. (5:05CV14.)

**THEREFORE IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED**.

Signed: November 17, 2009

Graham C. Mullen
United States District Judge